# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **MICHAEL BROWN**, | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **FEDERAL TRADE COMMISSION; ANDREW N. FERGUSON**, in his official capacity as Chairman of the Federal Trade Commission. | |
| Defendants. | |

## INTRODUCTION

1.      This case challenges the Federal Trade Commission's (FTC) unlawful attempt to collect a time-barred judgment by invoking federal debt collection procedures that do not apply to consumer restitution awards. The FTC seeks to circumvent North Carolina's three-year statute of limitations by treating a judgment payable exclusively to consumers as a "debt owed to the United States"—a characterization the Seventh Circuit explicitly rejected about the precise judgment at issue.

2.      Plaintiff Michael Brown is an individual against whom the FTC obtained a monetary "disgorgement" judgment in the Northern District of Illinois. Following a remand ordered by the Supreme Court's decision in *FTC v. AMG Capital Management*, LLC, 593 U.S. 67 (2021), the district court reimposed a judgment of approximately $5 million under Section 19 of

the FTC Act, 15 U.S.C. § 57b, on September 20, 2021. That order was affirmed by the Seventh Circuit, except the court restricted the judgment to equitable relief on behalf of consumers, finding no authority existed for disgorgement to the agency. *See FTC v. Credit Bureau Ctr., LLC*, 81 F.4th 710, 719 (7th Cir. 2023).

3.      On August 27, 2024—one week before the expiration of North Carolina's three-year statute of limitations for collecting on a liability created by federal statute—the FTC sent Mr. Brown a "Notice of Unpaid Judgment" threatening to refer the matter to the Department of Justice for litigation and to offset any federal payments owed to him through the Treasury Offset Program. Rather than commencing a timely enforcement action, the Commission chose to invoke the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 et seq., to circumvent the limitations period that would otherwise bar its claim.

4.      The FTC's referral of Mr. Brown's alleged debt to the Treasury Offset Program constitutes final agency action reviewable under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. That action is unlawful because the underlying judgment is not a "debt owed to the United States", and thus the FTC cannot invoke the FDCPA to recover. Even if the federal law applied, the FDCPA does not displace state statute of limitations on debt collection and thus does not allow for evasion of North Carolina law. Because any attempt to collect on that judgment in North Carolina is time-barred under N.C. Gen. Stat. § 1-52(2), the FTC's referral of Mr. Brown's debt to the Treasury Offset Program is arbitrary, capricious, and contrary to law, and must be set aside under 5 U.S.C. § 706(2).

5.      Mr. Brown seeks a declaration that the FTC's attempted collection is unlawful and an injunction barring Defendants from referring his alleged debt to the Department of Justice for

litigation or to the Treasury Offset Program.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. This court is authorized to issue declaratory relief in this case under 28 U.S.C. §§ 2201–2202.

7. The FTC's issuance of the Notice of Unpaid Judgment and referral to the Treasury Offset Program constitutes final agency action within the meaning of 5 U.S.C. § 704, for which there is no other adequate remedy at law. *See Klamath Cmty. Coll. v. United States VA*, No. 1:21-cv-01700-CL, 2022 U.S. Dist. LEXIS 192166, at *17 (D. Or. Sep. 22, 2022) (challenge to referral to treasury offset program constituted final agency action reviewable under the APA).

8. Venue is proper in this District pursuant to 5 U.S.C. § 703, which authorizes suit under the APA in any court with jurisdiction, and 28 U.S.C. § 1391(e)(1), which provides that a civil action against a federal agency or officer may be brought in any judicial district where the plaintiff resides. Plaintiff Michael Brown resides in Indian Trail, North Carolina, which is located in Union County within the Western District of North Carolina. Additionally, Mr. Brown's assets—which are directly threatened by the FTC's collection action—are primarily located in North Carolina.

## PARTIES

9. **Plaintiff Michael Brown** is an individual residing in Indian Trail, North Carolina. Mr. Brown is the defendant in *FTC v. Credit Bureau Center, LLC,* No. 17-cv-194 (N.D. Ill.), the underlying enforcement action from which the FTC's collection efforts arise. Mr. Brown's assets

are primarily located in North Carolina.

10.    **Defendant Federal Trade Commission** is an independent agency of the United States government established under the FTC Act, 15 U.S.C. §§ 41 *et seq.*, with its principal office at 600 Pennsylvania Avenue, NW, Washington, D.C. 20580. The FTC issued the Notice of Unpaid Judgment at issue in this action and is responsible for the referral of Mr. Brown's alleged debt to the Treasury Offset Program.

11.    **Defendant Andrew N. Ferguson** is the Chairman of the Federal Trade Commission and is named in his official capacity. As Chairman, Mr. Ferguson is the principal officer of the FTC and is responsible for the agency's official acts, including the collection efforts challenged here.

## FACTUAL BACKGROUND

### Underlying lawsuit

12.    In 2017, the FTC sued Mr. Brown in Federal District Court in the Northern District of Illinois, alleging violations under the Federal Trade Commission Act (FTC Act). *See FTC v. Credit Bureau Center, LLC*, 325 F. Supp. 3d 852, 858 (N.D. Ill. 2018).

13.    The district court found for the FTC, and, on June 26, 2018, the court issued an order including a permanent injunction, restitution, and disgorgement totaling approximately five million dollars pursuant to Section 13(b) of the FTC Act. *See id*. at 870.

14.    Mr. Brown appealed the district court's decision to the Seventh Circuit, arguing that Section 13(b) of the FTC Act did not authorize the district court to issue an award for restitution.

15.    The Seventh Circuit, in part, agreed with Mr. Brown and vacated the restitution

4

award but otherwise affirmed the district court's judgment. *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 785-86 (7th Cir. 2019).

16.     On November 8, 2019, The FTC filed a petition for writ of certiorari with the United States Supreme Court, asking the Court to reverse the Seventh Circuit's holding that Section 13(b) of the FTC Act did not authorize restitution.

17.     On July 9, 2020, the Supreme Court granted the FTC's petition, together with another from the Ninth Circuit, *FTC v. AMG Capital Management, LLC*, 910 F.3d 417 (9th Cir. 2018).

18.     Ruling in *AMG Capital*, the Supreme Court held that Section 13(b) of the FTC Act did not authorize restitution awards.

19.     Specifically, the unanimous Court concluded that Section 13(b) of the FTC Act did not "authorize[] the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement." *AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021).

20.     Mr. Brown's case was then sent back down to the district court in light of the Court's decision in *AMG Capital*.

21.     On remand, the district court reimposed the restitution and disgorgement order—again totaling more than 5 million dollars—this time under Section 19 of the FTC Act as "consumer redress." *FTC v. Credit Bureau Ctr., LLC*, No. 17 C 194, 2021 U.S. Dist. LEXIS 173180, at *33 (N.D. Ill. Sep. 13, 2021).

22.     The court entered final judgment on September 20, 2021.

23.     Again, Mr. Brown appealed.

24.     The Seventh Circuit affirmed the district court's order for restitution with one

modification. *See FTC v. Credit Bureau Ctr., LLC*, 81 F.4th 710, 719 (7th Cir. 2023). That modification is central to this Complaint.

25.     The Seventh Circuit held that the district court's order was overbroad because it allowed for disgorgement to the agency of excess funds. Disgorgement, the circuit determined, "sweep[ed] beyond the statute," as "even the commission acknowledged at oral argument" Section 19 relief is limited to consumers, and does not allow for disgorgement to the agency. *Id*. As such, the Circuit modified the judgment to disallow disgorgement, and ensure that collected funds went *only* to consumers. *Id*. ("We therefore modify part IX.D of the amended judgment to remove this sentence: 'Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.'").

26.     The Seventh Circuit's order resolving this case was issued on August 30, 2023.

**The Federal Trade Commission's Untimely Collection Effort Under the Federal Debt Collections Procedures Act.**

27.     On August 27, 2024, the FTC sent Mr. Brown a letter entitled "Notice of Unpaid Judgment." (Attachment A).

28.     The Notice directed Mr. Brown to pay $5,260,671.36 to the FTC, informed him that "collection actions will be undertaken," and identified several collection actions the FTC may pursue, including referral to the Treasury Offset Program (TOP), transfer to the U.S. Department of the Treasury or Department of Justice for collection, or direct collection by the FTC.

29.     The Notice stated that the FTC "may seek to collect the amounts [Mr. Brown owes] by taking any or all of the measures described in this notice" as well as "any other means permitted by law."

30.     The Notice also asserted the debt became due on September 21, 2021—the date of

the district court's final judgment on remand from *AMG Capital*.

31.     The Notice characterized the judgment as a debt owed to the United States and treated Mr. Brown as a judgment debtor subject to federal debt collection procedures.

32.     The Notice was issued pursuant to the United States Treasury Offset Program.

33.     The Treasury Offset Program (TOP) is created by 31 U.S.C. § 3701, *et seq.*, which sets out federal administration of "claims of the United States Government."

34.     Section 31 U.S.C. § 3711 allows agency heads to collect on debts owed to the federal government (pursuant to strict notice procedures) and refer matters to "the Department of Justice for litigation."

35.     The program, however, only applies to a "claim of the United States Government." 31 U.S.C. § 3711(a)(1). Those collected debts are to "be deposited into the Treasury" similar to disgorgement—not equity debts like Mr. Brown's, which are owed to consumers. *See id.* § 3711(g)(8).

36.     Mr. Brown responded to the Notice informing the agency that the judgment issued against him was not awarded to the United States and therefore could not be collected through the Treasury Offset Program or other federal debt collection procedures available only for debts owed to the United States Government under 31 U.S.C. § 3711. (Attachment B.)

37.     Mr. Brown requested that any referral to TOP be rescinded, requested administrative review, and a hearing before the agency.

38.     The FTC replied on November 26, 2024, rejecting Mr. Brown's position, denying review and denying a hearing. (Attachment C.)

39.     The FTC asserted that it is "the judgment creditor in this action, and therefore, can

collect and distribute the judgment to consumers." The FTC claimed authority to collect the debt under the Federal Debt Collection Procedures Act (FDCPA, 28 U.S.C. § 3001 *et seq.*), asserting that the judgment constitutes a "debt" owed to the United States within the meaning of 28 U.S.C. § 3002(3)(B) because "the Court ordered [Mr. Brown] to pay the FTC" and "the FTC is the 'formal owner of the judgment.'" The FTC further stated it "will review this debt to determine which course of collection is appropriate," including potential referral to TOP, transfer to Treasury or DOJ, or direct collection.

40. Notably, the FTC also recognized that "[e]ven if the FDCPA did not apply to this debt," "the FTC could collect the debt pursuant to Fed. R. Civ. P. 69 and applicable state law like any other judgment creditor." Rule 69(a)(1) requires execution procedures to "accord with the procedure of the state where the court is located[.]"

41. Thus, the FTC agrees that, absent the FDCPA, it is required to follow state and local procedures for collection of this judgment.

42. The FTC's reply concludes by denying Mr. Brown's request for administrative review of his claim. The FTC plainly stated that it "has no authority to 'review' or in any way modify a federal court order," and "relief … can only be pursued under the Federal Rules of Civil Procedure."

43. As of the filing of this complaint, the FTC has not rescinded its collection notice, has not withdrawn its referral letter to the Treasury Offset Program, and continues to assert authority to collect on the time-barred judgment.

44. Between September 20, 2021 (when the judgment was entered) and August 27, 2024 (when the FTC sent the Notice), the FTC made no attempt to collect on the judgment through

8

North Carolina courts or any other lawful means within the applicable limitations period.

45.     The FTC's delay in pursuing collection until after the statute of limitations expired deprives Mr. Brown of the protections North Carolina law affords judgment debtors.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT—NOTICE OF UNPAID JUDGMENT**

(Declaratory and Injunctive Relief Against All Defendants)

46.     Plaintiff hereby incorporates all of the previous allegations of this Complaint.

47.     The Administrative Procedure Act provides for judicial review of all final agency actions. 5 U.S.C. § 704.

48.     A district court may set aside agency action "not in accordance with law" or that is otherwise arbitrary or capricious. *Id*. § 706(2)(A)

49.     The FTC's collection notice is final agency action because the notice represents a culmination of the agency review process and commits the agency to attempted collection and potential referral to the TOP program. *See, e.g.*, *Klamath Cmty. Coll. v. United States Dep't of Veterans Affs.*, No. 1:21-CV-01700-CL, 2022 WL 12075908, at *6 (D. Or. Sept. 22, 2022), report and recommendation adopted, No. 1:21-CV-01700-CL, 2022 WL 11811086 (D. Or. Oct. 20, 2022) (referral to TOP was final agency action); *Williams v. Devos*, No. CV 16-11949-LTS, 2018 WL 5281741, at *10 (D. Mass. Oct. 24, 2018) (same).

50.     The FTC's collection notice is not authorized by federal law.

51.     Federal Rule of Civil Procedure 69(a)(1) provides that "in proceedings supplementary to and in aid of judgment or execution" "the procedure on execution … must accord with the procedure of the state where the court is located, but a federal statute governs to the extent

9

it applies."

52.    The FTC purported to authorize the notice pursuant to the FDCPA. The FDCPA, 28 U.S.C. § 3001 et seq., "provides the exclusive civil procedures for the United States—to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). The FDCPA defines "debt" as "an amount that is owing to the United States," including any "fine, assessment, penalty, restitution, [or] damages." 28 U.S.C. § 3002(3). The "United States" includes "an agency, department, commission, board, or other entity of the United States." *Id*. § 3002(15).

53.    The judgment against Mr. Brown is not a debt "owing to the United States" within the meaning of the FDCPA. The Seventh Circuit explicitly held that the FTC lacks authority to direct any portion of Mr. Brown's judgment "to the U.S. Treasury as disgorgement." *Credit Bureau Ctr., LLC*, 81 F.4th at 719. The judgment is payable exclusively to consumers as restitution, not to the federal government.

54.    Because the FDCPA did not authorize the FTC to collect on consumer debts, the FTC was required to abide by state collections laws to recover against Mr. Brown.

55.    The FTC's collection notice violates North Carolina law.

56.    Under North Carolina law, an action to collect "[u]pon a liability created by statute, either state or federal," must be filed within three years of the creation of the liability. N.C. Gen. Stat. §§ 1-46; 1-52(2).

57.    To collect on the September 20, 2021, judgment, the FTC was required to file an action by September 20, 2024. Instead of filing such an action, the FTC informed Mr. Brown of his outstanding judgment on August 27, 2024, via written notice, and replied to his objections in a final notice on November 26, 2024—after the statute of limitations had run.

58.     The FTC never filed an action with any court to collect on the judgment during the limitations period.

59.     Because the notice is not authorized by federal law and violates North Carolina's statute of limitations on debt collection, the notice should be set aside under 5 U.S.C. § 706(2)(A).

<u>**SECOND CLAIM FOR RELIEF**</u>

<u>**VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT—NOTICE OF UNPAID JUDGMENT**</u>

(Declaratory and Injunctive Relief Against All Defendants)

60.     Plaintiff hereby incorporates all of the previous allegations of this complaint.

61.     The Administrative Procedures Act provides for judicial review of all final agency actions. 5 U.S.C. § 704.

62.     A district court may set aside agency action "not in accordance with law" or is otherwise arbitrary or capricious. *Id*. § 706(2)(A)

63.     The FTC's notice is not authorized by federal law for a second, separate reason: the FDCPA does not displace North Carolina's statute of limitations on debt collection.

64.     Federal Rule of Civil Procedure 69(a)(1) provides that "in proceedings supplementary to and in aid of judgment or execution" "the procedure on execution … must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

65.     The FDCPA only preempts state laws "to the extent such law is inconsistent with a provision of this chapter." 28 U.S.C. § 3003(d).

66.     The FDCPA has no statute of limitations provision and therefore no provision of the act preempts state limitations governing debt collection proceedings; statutory silence cannot

preempt state law.

67.     North Carolina law requires that an action to collect "[u]pon a liability created by statute, either state or federal," must be filed within three years of the creation of the liability. N.C. Gen. Stat. § 1-52(2).

68.     The federal government has filed no such action within the statute of limitations period, and any action filed after September 20, 2024, is time-barred under North Carolina law.

69.     Because the notice is not authorized by federal law and violates North Carolina's statute of limitations on debt collection, the notice should be set aside under 5 U.S.C. § 706(2)(A).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.     A declaratory judgment setting aside the FTC's Notice of Unpaid Judgment because it is not authorized by federal law and violates North Carolina's statute of limitations on debt collection;

B.     A permanent prohibitory injunction setting aside the Notice of Unpaid Judgment and forbidding Defendants from enforcing it;

C.     A declaratory judgment that the FTC is without authority to collect on the judgment against Mr. Brown without complying with applicable state law, including North Carolina's statute of limitations on debt collection;

F.     Attorney's fees and costs pursuant to 28 U.S.C. § 2412, or any other applicable authority; and

G.     Any other relief that is appropriate.

Dated:  April 27, 2026

Respectfully submitted,

**VOGEL PLLC**

*/s/ Jonathan A. Vogel*
Jonathan A. Vogel
N.C. Bar No. 34266

6000 Fairview Road
South Park Towers, Suite 1200
Charlotte, NC 28210
Tel.: 704.552.3750
jonathan.vogel@vogelpllc.com

**CENTER FOR INDIVIDUAL RIGHTS**

Caleb Kruckenberg (VA Bar No. 97609)*
Kruckenberg@cir-usa.org
Alexander R. Khoury (CA Bar No. 346378)*
Khoury@cir-usa.org

1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
Tel. (202) 833-8400

*Attorneys for Plaintiff Michael Brown*

*Motion for admission *pro hac vice* forthcoming

13