**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00328-KDB-MTO**

| | |
|---|---|
| **MICHAEL BROWN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDERAL TRADE COMMISSION AND ANDREW FERGUSON,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 12). The Court has carefully considered this Motion and the Parties' briefs and exhibits in support and in opposition. Because the Court finds that it lacks jurisdiction over non-final actions of the Federal Trade Commission and this action is not ripe for the Court's review, Defendants' Motion will be **GRANTED** and this action dismissed.

## I. LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (Rule 12(b)(1) "addresses whether [a party] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim."). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."

*In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999); *Rorie v. United States*, No. 3:26-CV-00011-KDB-DCK, 2026 WL 1998505, at *1 (W.D.N.C. July 10, 2026). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). To determine whether subject matter jurisdiction is proper, the Court may consider evidence beyond the pleadings. *Evans*, 166 F.3d at 647.[1]

## II. FACTS AND PROCEDURAL HISTORY

In 2017, the Federal Trade Commission ("FTC" or the "Commission") sued Michael Brown and Credit Bureau Center, LLC ("CBC") in the Northern District of Illinois for conducting a fraudulent advertising campaign that resulted in numerous consumer complaints and millions of dollars in revenue for their business. *See FTC v. Credit Bureau Ctr., LLC*, 235 F. Supp. 3d 1054, 1059 (N.D. Ill. 2017), Doc. No. 1 ("Complaint"), ¶ 12. In June 2018, the district court awarded the FTC summary judgment against Brown and CBC. *See FTC v. Credit Bureau Ctr., LLC*, 325 F. Supp. 3d 852 (N.D. Ill. 2018). The court held Brown personally liable for the violations because he ultimately controlled the advertising scheme. *Id.* at 866. Among other things, the court ordered

[1] Because the Court finds that it lacks subject matter jurisdiction over this action, it need not address the FTC's alternate grounds for dismissal under Rule 12(b)(6).

Brown and CBC to pay $5,260,671.36 to the FTC as restitution under section 13(b) of the FTC Act. *See id*. at 869.

Brown appealed, and the Seventh Circuit vacated the monetary award, holding that Section 13(b) did not authorize it. *See FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 785–86 (7th Cir. 2019). On remand, the FTC requested that the district court reimpose the same monetary relief previously awarded under section 13(b) of the FTC Act under the Restore Online Shoppers' Confidence Act ("ROSCA"), as enforced through Section 19 of the FTC Act. *See FTC v. Credit Bureau Ctr., LLC*, No. 17-cv-00194, 2021 WL 4146884, at *1, (N.D. Ill. Sep. 13, 2021). In September 2021, the district court granted the FTC's request and issued a modified judgment (the "Judgment"), awarding the same monetary relief under ROSCA. *Id*. at *12.

The Judgment sets out the court's finding that "[p]ursuant to Section 5 of ROSCA, 15 U.S.C. § 8404, and Section 19(b) of the FTC Act, 15 U.S.C. § 57b(b), the Commission is . . . entitled to equitable monetary relief against Defendants for their violations of ROSCA in the amount of $5,260,671.36, for which Defendants are jointly and severally liable." Doc. No. 12-2 at 5, ¶ 10. The Judgment then orders that "Judgment in the amount of Five Million, Two Hundred Sixty Thousand, Six Hundred Seventy-One and Thirty-Six Cents ($5,260,671.36) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief." *Id*. at 25, ¶ IX.A. The Judgment specifies that "Defendants are ordered to pay to the Commission" the awarded sum "within 7 days of entry of this Order." *Id*., ¶ IX.B.

Brown appealed again, and the Seventh Circuit affirmed, with the exception that it struck from the Judgment a final sentence providing that "[a]ny money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement." *FTC v. Credit Bureau Ctr., LLC*, 81 F.4th

710, 719 (7th Cir. 2023). The court explained that Section 19 relief is confined to "such relief as the court finds necessary to redress injury to consumers." *Id.*

Neither CBC nor Brown timely satisfied the Judgment, and in August 2024, the FTC's Division of Enforcement sent Brown a "Notice of Unpaid Judgment" (the "Notice"). Doc. No. 1-1. The Notice informed Brown that if he did not pay the required amounts, agree to a payment plan or request a review of the amounts owed within 60 days then the Commission "may seek to collect the amounts you owe" through several measures referenced in the notice. *Id.* Brown disputed the Notice, arguing that he was not a judgment debtor of a debt owed to the United States subject to federal debt collection procedures under the Federal Claims Collection Act ("FCCA") and the Federal Debt Collection Procedures Act ("FDCPA"). Doc. No. 1-2.; Compl., ¶ 31. The FTC disagreed with Brown and denied his request to cease its collection efforts. Doc. No. 1-3. However, to date, the FTC has not pursued further collection efforts. Doc. No. 12-4, ¶¶ 4–5.

Brown filed this action on April 27, 2026, seeking a declaration that the FTC's characterization of the judgment as a federal debt is unlawful and an injunction against enforcement of the Notice. Compl., Prayer ¶¶ A–C. Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on June 29, 2026. The Motion has been fully briefed and is ripe for the Court's ruling.

## III. DISCUSSION

The claimed basis for the Court's subject matter jurisdiction over this action is 28 U.S.C. § 1331, specifically the Administrative Procedures Act ("APA"). Therefore, if the Plaintiff's claims do not fall within the scope of the APA, then the Court lacks subject matter jurisdiction.

The APA only waives the federal government's sovereign immunity with respect to final agency action. *See Jake's Fireworks v. U.S. Consumer Prod. Safety Comm'n*, 105 F.4th 627, 631

(4th Cir. 2024) (noting that finality under the APA is a jurisdictional requirement). There are two conditions for an agency action to be final: (1) the action marks the consummation of the agency's decision-making process and is not "merely tentative or interlocutory" in nature; and (2) the action is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotations omitted).

Neither condition is met here. First, the Notice does not reflect a final "consummation" of agency action. Rather, it is more accurately viewed as warning of potential future action; specifically, that the Commission may undertake various efforts to collect Brown's unpaid Judgment. Doc. No. 1-1 (Commission stating it "may seek to collect the amounts you owe" if the Judgment is not satisfied). Indeed, the Notice did not even state that a particular action would be taken; instead, it proposed multiple collection options that the Commission might pursue. *See* Jake's Fireworks, 105 F.4th at 634 (finding a "warning[] by agency staff, like countless other letters and guides that federal agencies issue throughout the year" did not constitute final agency action); *Ducey v. Yellen*, 615 F. Supp. 3d 1033, 1043 n.3 (D. Ariz. 2022) (finding letter stating only that the Treasury Department "may" initiate a recoupment action or withhold funding did not mark consummation of agency's decision-making process).

Until the Commission actually pursues collection, then it has not committed to a final agency action, and this Court lacks jurisdiction under the APA. *See, e.g.*, *Portland Cmty. Coll. v. U.S. Dep't of Veterans Affs.*, No. 3:21-cv-01658, 2023 WL 2245681, at *7 (D. Or. Jan. 24, 2023) (holding VA's decision to send debt to the [Treasury Offset Program] for collection and its failure to revoke its certification of that debt rendered agency action final); *Klamath Cmty. Coll. v. U.S. Dep't of Veterans Affs.*, No. 1:21-cv-01700, 2022 WL 12075908, at *6 (D. Or. Sept. 22, 2022)

(same); *Williams v. DeVos*, No. 16-11949, 2018 WL 5281741, at *9 (D. Mass. Oct. 24, 2018) (finding agency's decision to certify debt for offset represented final agency action).

Second, the Notice warning letter did not determine any new legal rights, obligations or consequences. Brown's obligation to pay the Judgment is reflected in the Judgment itself, not in any statement of intention by the FTC to enforce the Judgment. Further, even if, as Brown argues, the FTC's "agency action" is the announcement of its view that Brown's obligation is subject to the FCCA/FDCPA, that legal contention itself—without any accompanying collection action such as referral of the debt to the Treasury Offset Program ("TOP")—does not change Brown's legal rights, which flow from the statutes themselves (much like his obligation to pay flows from the Judgment). *See Am. Tel. & Telegraph v. E.E.O.C.*, 270 F.3d 973, 975 (D.C. Cir. 2001) (Agency decision "must have 'inflicted an actual, concrete injury' upon the party seeking judicial review. Such an injury typically is not caused when an agency merely expresses its view of what the law requires of a party, even if that view is adverse to the party.") (internal quotation and citations omitted); *Klamath Cmty. Coll.*, 2022 WL 12075908, at *6 ("VA's transfer [to TOP] constitutes an action from which legal consequences will flow, signaling that a final decision has been made as to the validity of the debt in the eyes of the agency.").

Moreover, it appears that this action would not be ripe for the Court's review even if it had jurisdiction under the APA. Plaintiff's ultimate challenge to the FTC's collection efforts is that they are untimely under applicable state law. Yet, Plaintiff conceded in its opposition that the Court should, for purposes of the Motion, apply a ten-year statute of limitations under North Carolina law to the FTC's collection actions. *See* Doc. No. 15 at 2, n. 1. The Judgment in dispute was entered in 2021; therefore, the putatively applicable statute of limitations has not yet run (and will

not have run for a number of years). Until the FTC takes concrete action to collect the debt outside of the applicable statute of limitations, Plaintiff's claims are premature.

In sum, because the FTC's Notice is not a final agency action, this Court cannot properly review the Notice under the APA and accordingly lacks subject matter jurisdiction over Plaintiff's claims. Nor is this action ripe for the Court's review. The Defendants' Motion to Dismiss will therefore be granted.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 12) is **GRANTED**;
2. This case is **DISMISSED** for lack of subject matter jurisdiction; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 6, 2026

Kenneth D. Bell
United States District Judge